**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MICHAEL C. WASHINGTON, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-695-D** |
| | ) | |
| **OKLAHOMA COUNTY CRIMINAL** | ) | |
| **JUSTICE AUTHORITY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATION**

Pro se Plaintiffs Michael C. Washington, Patrick Conely, and Dexter Manuel filed a Petition for Emergency, Temporary and Permanent Injunction/Motion for Hearing.  Doc. 1. United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C).  For the reasons set forth below, the undersigned recommends that the Court dismiss the action without prejudice.

I.      **Background**

On April 10, 2026, the Court explained that Plaintiffs had not filed a Complaint, which is the required initiating document in a federal civil suit, and ordered them to file a complaint not later than May 1, 2026.  Doc. 7 at 1 (citing Fed. R. Civ. P. 3).  The Court additionally explained that each Plaintiff must either pay the full $405.00 filing fee or be granted leave to proceed in forma pauperis ("IFP").  *Id.* at 5.  Though Plaintiff Conely had filed an application to proceed IFP, it was deficient and the Court ordered him to file an amended application not later than May 1, 2026.  *Id.* at 6.  The Court ordered Plaintiffs

Washington and Manuel either to pay the filing fee or move to proceed IFP not later than May 1, 2026. *Id.*

The Court warned Plaintiffs that "failure to comply with this Order may result in dismissal of this action." *Id.* at 7 (citation modified).  The case docket indicates that, as of this date, Plaintiffs have failed to comply with the Order, as they have not filed a complaint, paid the filing fees, or moved to proceed IFP.  Nor have Plaintiffs attempted to show good cause for their failure to comply or requested an extension of time in which to comply.

The Clerk of Court mailed the Court's April 10th Order and the appropriate forms to each Plaintiff at his last known address.  *See* LCvR5.4 (stating that documents mailed by the Court are "deemed delivered if sent to the last known address given to the court").  The docket reflects that the Order was returned as undeliverable to each Plaintiff:

- Not deliverable to Plaintiff Conely, returned April 20, 2026; Doc. 9;

- Not deliverable to Plaintiff Manuel (released 4/10/26), returned April 20, 2026; Doc. 10;

- Not deliverable to Plaintiff Washington (released 4/1/26), returned April 21, 2026; Doc. 11.

## II.   **Failure to Comply with Order and Rules**

A court has the inherent authority to manage its own affairs and may dismiss an action if a plaintiff "fails to prosecute or to comply with [the rules of civil procedure] or a court order," Fed. R. Civ. P. 41(b).  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (interpreting Rule 41(b) to permit courts to dismiss actions sua sponte).  A litigant's failure to comply with a court order leaves a court unable "to achieve the orderly and

expeditious disposition of cases." *Id.*  And Plaintiffs' pro se status does not exempt them from "follow[ing] the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citation modified).

Plaintiffs failed to comply with the Court's Order and rules.  Such failure, combined with the Court's inherent power to manage judicial resources, warrants dismissal of this action without prejudice.  *See U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("Dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." (citation modified)).

## III.    <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **DISMISS the action without prejudice**.  Plaintiffs are advised of their right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of Court not later than **May 29, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 8th day of May, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

3